## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL FARRELL, on behalf of himself and all others similarly situated,<br><br>                       Plaintiff,<br><br>   - against –<br><br>HSBC BANK USA, N.A.<br><br>                 Defendant. | Case No. |

## CLASS ACTION COMPLAINT

1.     Plaintiff Paul Farrell ("Plaintiff"), by and through his counsel of record, on behalf of himself and all others similarly situated, alleges the following, upon information and belief, against defendant HSBC Bank U.S.A., N.A. ("Defendant" or "HSBC"), as follows:

## I.    NATURE OF THE ACTION

2.     This action seeks to redress the systematic failure by HSBC to timely present to the county clerks of New York State proof that mortgages have been satisfied within the time demanded by New York Real Property Law ("RPL") §275 and New York Real Property Actions and Proceedings Law ("RPAPL") §1921.

3.     RPL §275 and RPAPL §1921 require that mortgagees like HSBC present to the proper county clerk a satisfaction of mortgage within 30 days of when a mortgagor has paid the entire principle and interest due on a mortgage.[1]  The statutes each provide that a mortgagee who fails to do so within 30 days is liable to the mortgagor for $500; a mortgagee who fails to do so for more than 60 days is liable to the mortgagor for $1000; and a mortgagee who presents a

---

[1]     In RPL §275, "[t]he terms 'certificate of discharge' and 'satisfaction of mortgage' are used interchangeably." *Alder v. Bank of Am., N.A.*, 2014 U.S. Dist. LEXIS 113288, *2-3, n.1 (S.D.N.Y. July 17, 2014); *accord Bellino v. JPMorgan Chase Bank, N.A.,* 2106 U.S. Dist. LEXIS 137067, *4 (S.D.N.Y. Oct. 3, 2016).

mortgage satisfaction more than 90 days late is liable to the mortgagor for $1500.

4.     The New York Legislature has determined that failure by mortgagees like HSBC to clear and quiet titles within the deadlines required by RPL §275 and RPAPL §1921 causes actual, concrete and particular injuries to aggrieved mortgagors like Plaintiff and the Class.

5.     HSBC held a mortgage on Plaintiff's home.  Even though Plaintiff and his wife repaid that mortgage loan in full, by cashier's check, on September 1, 2016, HSBC did not file a Satisfaction of Mortgage with the county clerk until February 17, 2017.

6.     Plaintiff alleges on behalf of himself and the Class claims under the RPL §275 and RPAPL §1921.

7.     Plaintiff seeks, among other relief, for himself and the Class, (1) the statutory damages and remedies permitted by RPL §275 and RPAPL §1921; and (2) injunctive relief protecting Plaintiff and the Class against HSBC's further and future violations of RPL §275 and RPAPL §1921.

## II.     JURISDICTION AND VENUE

8.     This Court possesses subject matter jurisdiction under 28 U.S.C. §1332(d) and the Class Action Fairness Act ("CAFA") because this is a class action in which the subject matter in controversy exceeds the sum or value of $5,000,000.00 and there are in excess of 100 class members.

9.     This Court has personal jurisdiction over Defendant.  Defendant is authorized to do business in New York, maintains offices and employees in New York and this District, maintains continuous and systemic contacts with New York and this District, does business in New York and this District specifically related to the claims alleged in this Complaint and has sufficient minimum contacts with New York so as to render the exercise of jurisdiction by this

Court permissible under traditional notions of fair play and substantial justice.

10.    Venue is proper in this District under 28 U.S.C. §1391.

## III.    THE PARTIES

11.    Plaintiff is a citizen and resident of the State of New York, residing in Long Beach, New York.  During the Class Period, and until September 1, 2016, Plaintiff and his wife were mortgagors of HSBC.  Plaintiff and his wife sold their home and fully-repaid their HSBC mortgage loan and all related interest and charges, by cashier's check, on September 1, 2016. *See* **Exhibits A and B**.

12.    Defendant is nationally-chartered bank headquartered that maintains its principle executive offices within this District at 452 Fifth Avenue, New York, NY 10018 and also maintains offices and bank branches throughout New York state, including within this District. Defendant is a wholly-owned subsidiary of HSBC USA Inc.

## IV.    STATEMENT OF FACTS

13.    Like many banks benefiting from their mortgage loan operations in New York, HSBC frequently fails to comply with their obligations to timely file mortgage satisfactions.

14.    The failure of the banks, like HSBC, to timely release and discharge mortgage liens causes actual, concrete and particularized injuries to their mortgagors, both tangible and intangible. The failure to timely present a mortgage satisfaction can also frustrate landowners who need a marketable title to complete a property sale.

15.    To address mortgage lenders' failure to file mortgage satisfactions in a timely manner, the New York Legislature amended RPL §275 and RPAPL §1921 in 2005 to impose progressively higher damages to for violations of the statutes by mortgagees in favor of mortgagors where the mortgage satisfaction is not presented for recording within 30 days.  The

statutory damages are to $500.00 after thirty (30) days, $1,000.00 after sixty (60) days, and $1,500.00 after ninety (90) days under each statute.

16.     Plaintiff and his wife obtained a mortgage loan from HSBC in 2015 when they refinanced their then-home located at 469 West Chester Street, Long Beach, New York.

17.     On September 1, 2016, Plaintiff and his wife sold that home. The Deed evidencing this sale was recorded with the Nassau County Clerk's Office.  *See* **Exhibit A**.

18.     During the closing, using the proceeds of the sale, Plaintiff and his wife repaid their mortgage loan in full to HSBC, as evidenced by a cashier's check drawn in the amount of $439,639.47.  *See* **Exhibit B**.

19.     As evidenced by the Payoff Statement provided by HSBC to Plaintiff and his wife, the amount paid to HSBC at the September 1, 2016 sale was sufficient to fully-repay Plaintiff's mortgage loan to HSBC, along with all interest and other monies due.  *See* **Exhibit C**.

20.     As indicated in the Payoff Statement, HSBC charged Plaintiff and his wife $575.50 as a "Recording Fee," which comprised or included a fee paid by Plaintiff for the timely filing of the satisfaction of mortgage by HSBC.  *See* **Exhibit C**.  HSBC collected the fee from Plaintiff and his wife, but did not timely file the satisfaction of mortgage.

21.     But HSBC did not file a satisfaction of mortgage to release the mortgage lien on Plaintiff's and his wife's then-home located at 469 West Chester Street, Long Beach, New York until February 7, 2017, more than ninety (90) days after the HSBC mortgage loan was fully-repaid, including all principle, interest and other amounts due under the mortgage loan.  *See* **Exhibit D**.  That Satisfaction of Mortgage was dated January 12, 2017.  *Id.*

22.     Defendant failed to present a satisfaction of mortgage or certificate of discharge for recording within thirty (30) days of the date upon which the full amount of principle and

4

interest was paid on the mortgage, as evidenced by the fact that the Satisfaction of Mortgage was recorded on February 7, 2017, more than ninety (90) days after the discharge date.

23.    By failing to file a satisfaction of mortgage with the Nassau County Clerk within thirty (30) days from September 1, 2016, HSBC violated RPL §275 and RPAPL §1921 causing injury to Plaintiff and his wife, redressable by the statutory damages set forth in RPL §275 and RPAPL §1921.

24.    Plaintiff is not alone.  Upon information and belief, Defendant has failed to timely file mortgage satisfactions in thousands of instances throughout New York State, resulting in classwide violations of RPL §275 and RPAPL §1921.

## V.    CLASS ACTION ALLEGATION

25.    Plaintiff brings this action pursuant to FED. R. CIV. P. 23(a) and 23(b)(2) on behalf of himself a Class defined as follows:

26.    All persons who were the mortgagor party to a mortgage for which Defendant was a mortgagee that was secured by real property located in New York State and for which the authorized principle, interest and any other amounts due or otherwise owed by law was actually made after July 21, 2014 but Defendant failed to present a certificate of discharge or satisfaction of mortgage within thirty (30) days to the recording officer of the county where the mortgage was recorded.

27.    Excluded from the Class are Defendant and its subsidiaries, officers, directors, employees, partners and co-venturers, federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

28.    While Plaintiff does not know the exact size or identities of the Class, the size of the Class is reasonably believed to contain many thousands of individuals whose identities can be readily ascertained from Defendants' books and records and the property records maintained

by the New York county clerks offices.   According to a February 5, 2016 press release from the New York Attorney General: "It is estimated that New York State has nearly 136,000 HSBC loans, nearly 31% of HSBC's total portfolio." *A.G. Schneiderman Announces $470 Million Joint State-Federal Settlement with HSBC to Address Mortgage Loan Origination, Servicing, and Foreclosure Abuses* (Feb. 5, 2016).

29.    There are questions of law or fact common to the Class which predominate over any questions affecting only individual members, including:

(a).    whether Defendant failed to timely present certificates of discharge or satisfactions of mortgage;

(b).    whether Defendant violated RPL §275;

(c).    whether Defendant violated RPAPL §1921;  and

(d).    Whether Plaintiff and the Class are entitled to damages and/or injunctive relief as a result of Defendant's conduct, and the proper measure of damages and other relief; and

30.    The factual and legal claims asserted by Plaintiff are typical of the claims of the members of the Class

31.    Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has retained able counsel with extensive experience in consumer practices as well as in class action litigation.  The interests of Plaintiff are coincident with, and not antagonistic to, the interests of the other Class members.

32.    The questions of law and fact common to the members of the Class Class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

33.    The prosecution of separate actions by individual members of the Class would

create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendant.

34.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Since the damages suffered by individual members of the Class are relatively small, the expense and burden of individual litigation make it impossible for the members of the Class individually to redress the wrongs done to them.  The Class is readily definable, and prosecution of this action as a class action will eliminate the possibility of repetitious litigation.  The Court will encounter no difficulty in managing this action as a class action.

35.    Defendant has acted on grounds that apply generally to the Class, namely  failing to ensure that satisfactions of mortgages are timely presented.

## VI.    INJURY AND DAMAGES

36.    Plaintiff and the Class have been injured and incurred an injury in fact as result of HSBC's violations of RPL §275 and RPAPL §1921, which injuries are concrete and particularized and actual or imminent.[2]

37.    Plaintiff and the Class have been injured and incurred injuries-in-fact foreseeably, directly and proximately caused by the violations and injuries codified by the New York Legislature in RPL §275 and RPAPL §1921.

38.    Among the concrete and particularized injuries and injuries-in-fact suffered by Plaintiff and Class, and foreseeably, directly and proximately caused by HSBC's violations of RPL §275 and RPAPL §1921 are:  (1) real risk of harm caused by HSBC's clouding of titles to

---

[2]    *See Bellino v. JPMorgan Chase Bank, N.A.*, 2016 U.S. Dist. LEXIS 128770, *19 (S.D.N.Y. Sept. 20, 2016) ("'As a threshold matter, this Court agrees with Judge Briccetti that 'a state statute, like a federal statute, may create a legal right, the invasion of which may constitute a concrete injury for Article III purposes.'" (quoting *Jaffe v. Bank of Am., N.A.*, 2016 U.S. Dist. LEXIS 92899, *11 (S.D.N.Y. July 15, 2016)).

Plaintiff's and Classes' respective properties encumbered by HSBC mortgage liens; (2) difficulties and potential difficulties in securing financing on another property after repaying their HSBC mortgage loans; (3) difficulties and potential difficulties in selling or encumbering the subject property after repaying their HSBC mortgage loans; (4) burdening property owners' rights to of free alienability; (5) frustrating the orderly transfer of property; (6) paying the filing fees for the timely filing of a satisfaction of mortgage or certificate of discharge that was not timely filed by HSBC; and (7) any and all obstacles, whether tangible or intangible, incurred by borrowers resulting from HSBC failing to timely discharge mortgage liens.

39.     As a result of the concrete and particularized injuries incurred as a foreseeable, direct and proximate result of HSBC's violations of RPL §275 and RPAPL §1921, Plaintiff and the Class are entitled to the damages set forth by the New York Legislature in RPL §275 and RPAPL §1921.

40.     The payment of damages to Plaintiff and the Class as required by RPL §275 and RPAPL §1921 will redress the injuries incurred by Plaintiff and the Class as a direct and proximate result of HSBC's violations of those statutes.

## FIRST CAUSE OF ACTION

### (VIOLATIONS OF RPL §275)

41.    Plaintiff restates, re-alleges and incorporates by reference the foregoing paragraphs.

42.    RPL §275 states:

Whenever a mortgage upon real property is due and payable, and the full amount of principal and interest due on the mortgage is paid, a certificate of discharge of mortgage shall be given to the mortgagor or person designated by him or her, signed by the person or persons specified in section three hundred twenty-one of this chapter.  The person signing the certificate shall, within thirty days thereafter, arrange to have the certificate presented for recording to the recording officer of the county where the mortgage is recorded.  Failure by a mortgagee to present a certificate of discharge for recording shall result in the mortgagee being liable to the mortgagor in the amount of five hundred dollars if he or she fails to present such certificate within thirty days, shall result in the mortgagee being liable to the mortgagor in the amount of one thousand dollars if he or she fails to present a certificate of discharge for recording within sixty days and shall result in the mortgagee being liable to the mortgagor in the amount of one thousand five hundred dollars if he or she fails to present a certificate of discharge for recording within ninety days.

43.    As it pertains to Plaintiff individually, HSBC failed to present a certificate of discharge for recording within thirty (30) days of the date upon which the full amount of principle and interest was paid on Plaintiff's and his wife's HSBC mortgage loan, as evidenced by the fact that a satisfaction of mortgage for Plaintiff's mortgage was not recorded by HSBC for more than ninety (90) days after the September 1, 2016 repayment date.

44.    HSBC systematically fails to timely present certificates of discharge, as required by RPL §275.

45.    By reason of the foregoing, HSBC has violated RPL §275 causing injury Plaintiff and members of the Class.

46.    HSBC is liable to Plaintiff and the other members of the Class for the statutory

9

damages that are due for violations of RPL §275.

47.    Plaintiff and the Class seek damages, statutory damages, an injunction, restitution, attorney's fees and costs, and all other appropriate legal and equitable relief and remedies for Defendant's violations of RPL §275.

## SECOND CAUSE OF ACTION

### (VIOLATIONS OF RPAPL § 1921)

48.    Plaintiff restates, re-alleges and incorporates by reference the foregoing paragraphs.

49.    RPAPL §1921 states:

After payment of authorized principal, interest and any other amounts due thereunder or otherwise owed by law has actually been made . . . a mortgagee of real property situate in this state, unless otherwise requested in writing by the mortgagor or the assignee of such mortgage, must execute and acknowledge before a proper officer, in like manner as to entitle a conveyance to be recorded, a satisfaction of mortgage, and thereupon within thirty days arrange to have the satisfaction of mortgage: (a) presented for recording to the recording officer of the county where the mortgage is recorded, or (b) if so requested by the mortgagor or the mortgagor's designee, to the mortgagor or the mortgagor's designee. Failure by a mortgagee to present a certificate of discharge for recording shall result in the mortgagee being liable to the mortgagor in the amount of five hundred dollars if he or she fails to present such certificate within thirty days, shall result in the mortgagee being liable to the mortgagor in the amount of one thousand dollars if he or she fails to present a certificate of discharge for recording within sixty days or shall result in the mortgagee being liable to the mortgagor in the amount of one thousand five hundred dollars if he or she fails to present a certificate of discharge for recording within ninety days.

50.    As it pertains to Plaintiff individually, HSBC failed to present a certificate of discharge for recording within thirty (30) days of the date upon which the full amount of principle and interest was paid on Plaintiff's and his wife's HSBC mortgage loan, as evidenced by the fact that a satisfaction of mortgage for Plaintiff's mortgage was not recorded by HSBC for more than ninety (90) days after the September 1, 2016 repayment date.

51.    Defendant systematically fails to timely present certificates of discharge, as

required by RPAPL §1921.

52.    By reason of the foregoing, HSBC has violated RPAPL §1921 causing injury Plaintiff and members of the Class.

53.    HSBC is liable to Plaintiff and the other members of the Class for the statutory damages that are due for violations of RPAPL §1921.

54.    Plaintiff and the Class seek damages, statutory damages, an injunction, restitution, attorney's fees and costs, and all other appropriate legal and equitable relief and remedies for Defendant's violations of RPAPL §1921.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for judgment against Defendant as follows:

A.    An order certifying this case as a class action under FED. R. CIV. P. 23(a), (b)(2) and (b)(3), and appointing Plaintiff and his counsel to represent the Class;

B.    On Plaintiff's First Cause of Action, awarding judgment against HSBC and ordering the payment of statutory damages that Plaintiff and the other members of the Class are due as a result of HSBC's violations of RPL §275;

C.    On Plaintiff's' Second Cause of Action, awarding judgment against HSBC and ordering the payment of statutory damages that Plaintiff and the other members of the Class are due as result of HSBC's violations of RPAPL §1921;

D.    A permanent injunction enjoining HSBC's continuing and future violations of RPL §275 and RPAPL §1921;

E.    Pre-judgment and post-judgment interest to fullest extent permitted by law;

F.    Awarding Plaintiff and the Class costs and attorneys' fees; and

F.      Awarding Plaintiff and the Class such other and further relief as this Court deems

just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury for all claims to the extent authorized by law.

DATED: August 21, 2017

**LOWEY DANNENBERG P.C.**
Peter D. St. Phillip, Jr.
pstphillip@lowey.com
Scott V. Papp
spapp@lowey.com
44 South Broadway, Ste. 1100
White Plains, NY  10601
Tel. (914) 997-0500

**TUSA P.C.**

/s/ Joseph S. Tusa_____
Joseph S. Tusa
joseph.tusapc@gmail.com
P.O. Box 566
Southold, NY  11971
Tel. (631) 407-5100

        - and –

150 Motor Parkway, Ste. 401
Hauppauge, NY 11788
Tel. (631) 407-5100

# EXHIBIT A

Nassau

Current datetime: 7/14/2017 2:22:09 PM

# DETAILS REPORT

**Note: Report is Sorted in Ascending Order by Office, Recorded Date, Document Number

| Doc. # | File Date | Inst. Date |
|--------|-----------|------------|
| 91304 | 09/19/2016 | 09/01/2016 |

| Type | Volume/Page | # of Pages |
|------|-------------|------------|
| Deed | | 4 |

| Series | Name | |
|--------|------|---|
| Grantee | LUDIVINE CECILIO | |
| Grantee | JASON CECILIO | |
| Grantor | ELIZABETH FARRELL | |
| Grantor | PAUL FARRELL | |

| Section | Block | Lot |
|---------|-------|-----|
| 59 | 33 | 146 |

| Section | Town | Acres | Range | Half | Quarter | Part | Lot | Remarks1 | Remarks2 | Pin# |
|---------|------|-------|-------|------|---------|------|-----|----------|----------|------|

# **** Electronically Filed Document ****

Instrument Number: 2016-91304

Recorded As:        EX-D01 - DEED

Recorded On:        September 19, 2016

Recorded At:        10:23:53 am          Receipt Number:    395435

Number of Pages:    4                    Processed By:      001 AAR

Book-Vl/Pg:         Bk-D  Vl-13413  Pg-530

Total Rec Fee(s):   $3,030.00

**\*\* Examined and Charged as Follows \*\***

| 01 - DEED | $ 60.00 | EX-Blocks - Deeds - $300 | $ 300.00 | EX-RP5217 Residential Fee | $ 125.00 |
| EX-TP-584 Affidavit Fee | $ 5.00 | | | | |

|  | Tax Amount | Consid Amt | RS#/CS# |  |  |
|---|---|---|---|---|---|
| Tax-Transfer | $ 2540.00 | $ 635000.00 | RE 3936 | Basic | $ 0.00 |
| LONG BEACH | | | | Local NY CITY | $ 0.00 |
| | | | | Additional MTA | $ 0.00 |
| | | | | Spec ASST | $ 0.00 |
| | | | | Spec ADDL SONYMA | $ 0.00 |
| | | | | Transfer | $ 2540.00 |

Tax Charge:          $ 2540.00

Property Information:

| Section | Block | Lot | Unit | Town Name |
|---|---|---|---|---|
| 59 | 33 | 146 | | LONG BEACH |

## \*\*\*\*\*\*\*\*\*\*\*\*THIS PAGE IS PART OF THE INSTRUMENT \*\*\*\*\*\*\*\*\*\*\*\*

Any provision herein which restricts the Sale. Rental or use of the described REAL PROPERTY
because of color or race is invalid and unenforceable under federal law.



*Maureen O'Connell*

**County Clerk Maureen O'Connell**

— Bargain and Sale Deed, with Covenant against Grantor's Acts — Individual or Corporation (Single Sheet)

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

---

**THIS INDENTURE,** made the | day of September, in the year Two Thousand Sixteen

**BETWEEN**
PAUL FARRELL AND ELIZABETH FARRELL, HIS WIFE, CURRENTLY RESIDING AT 469 WEST CHESTER STREET, LOONG BEACH, NEW YORK

party of the first part, and

JASON CECILIO AND LUDIVINE CECILIO, CURRENTLY RESIDNG AT 3975 56TH STREET, APT. 5F, WOODSIDE, NEW YORK

party of the second part,

**WITNESSETH,** that the party of the first part, in consideration of **ONE**

dollars

paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being at Long Beach, in the County of Nassau and State of New York, known as and by the Lot Number 46 and the westerly one half of lot Number 47 in Block Number 33 as shown and designated on a certain map entitled "Map of Estates of Long Beach, Long Beach, L.I., N.Y., William H. Reynolds, Pres. March, 1907, Map #1 Charles W. Leavitt Jr., Landscape Engineer, 220 Broadway, N.Y.C." and filed in the Office of the Clerk of the County of Nassau on 4/20/2011 under the File #31 which said lot and part of lots are more particularly bounded and described as follows:

BEGINNING at a stake in the northerly side of Chester Street distant 100 feet easterly from the corner formed by the intersection of the northerly side of Chester Street and the easterly side of Washington Boulevard;

RUNNING THENCE northerly at right angles to the northerly side of Chester Street, 100 feet to a stake;

THENCE easterly and parallel with the northerly side of Chester Street, 30 feet to a stake;

THENCE southerly and again at right angles to the northerly side of Chester Street and part of the distance through a party wall, 100 feet to a stake in the northerly side thereof;

THENCE westerly and along the northerly side of Chester Street, 30 feet to the point or place of BEGINNING.

SUBJECT to an Easement and Right of Way for the purpose of a driveway for pleasure automobiles only over the most easterly 4 feet of the above described premises fronting on Chester Street, and running to the garage erected in the rear of the above described premises.

TOGETHER with a similar Easement and Right of Way for pleasure automobiles only over the most westerly 4 feet of the premises adjoining the above described premises on the East fronting on Chester Street; and running to the garage erected in the rear of the said premises. Said 2 strips of land shall constitute and be a private Right of Way and driveway for ingress and egress to and from the land herein described and to the lot of land adjoining on the East and Chester Street for the use and benefit in common of said respective premises and of all owners and occupants thereof.

FOR INFORMATION ONLY:  Section 59  Block 33  Lot 146

Who acquired Title by Deed dated 07/13/2007 recorded 07/27/2007 in Liber 12294 Page 614 from Michael Lobel and Monica Lobel, his wife.

Being the same premises known as and by 469 West Chester Street, Long Beach, New York.

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.

AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose. The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

**IN WITNESS WHEREOF,** the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

_Francis J Murray_ _____

_Paul Farrell_
Paul Farrell

_Elizabeth Farrell_
Elizabeth Farrell

| ACKNOWLEDGEMENT TAKEN IN NEW YORK STATE | ACKNOWLEDGEMENT TAKEN IN NEW YORK STATE |
|---|---|
| State of New York, County of *Nassau* , ss: | State of New York, County of , ss: |
| On the 1 day of September 24 in the year 2016 , before me, the undersigned, personally appeared PAUL FARRELL and ELIZABETH FARELL , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument. | On the day of in the year before me, the undersigned, personally appeared , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument. |

JESSICA MICHELE WENNER
Notary Public, State of New York
No. 01WE6086350
Qualified in New York County
Commission Expires April 4, 2019

| ACKNOWLEDGEMENT BY SUBSCRIBING WITNESS TAKEN IN NEW YORK STATE | ACKNOWLEDGEMENT TAKEN OUTSIDE NEW YORK STATE |
|---|---|
| State of New York, County of , ss: On the day of in the year , before me, the undersigned, a Notary Public in and for said State, personally appeared , the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that he/she/they reside(s) in (if the place of residence is in a city, include the street and street number if any, thereof); that he/she/they know(s) to be the individual described in and who executed the foregoing instrument; that said subscribing witness was present and saw said execute the same; and that said witness at the same time subscribed his/her/their name(s) as a witness thereto | *State of , County of , ss: *(Or insert District of Columbia, Territory, Possession or Foreign County) On the day of in the year , , before me the undersigned  personally appeared Personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in  his/her/their capacity(ies),  that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual make such appearance before the undersigned in the (add the city or political subdivision and the state or country or other place the acknowledgement was taken). |

## Bargain and Sale Deed with covenant against Grantors Acts

SECTION 59

BLOCK 33

LOT 146

COUNTY OR TOWN – NASSAU

Title No.: 1605-2970401

PAUL FARRELL and ELIZABETH FARRELL
TO
JASON CECILIO and LUDIVINE CECILIO

DISTRIBUTED BY

**MacGregor Abstract Corporation**
516-536-5222  Fax: 516-536-5223
866-820-1700  Fax: 866-820-1900



MACGREGOR ABSTRACT CORPORATION

RETURN BY MAIL TO:

Chaves & Perlowitz, LLP
ATTN: Danielle Spallino, Esq.
111 John Street, Room 312
New York, NY 10038

# EXHIBIT B

282111107 NEW 01/08 8810004306

HOLD DOCUMENT UP TO THE LIGHT TO VIEW TRUE WATERMARK      **CASHIER'S CHECK**      HOLD DOCUMENT UP TO THE LIGHT TO VIEW TRUE WATERMARK

# CHASE ○

9780907427    25-3
                        ———
Date    09/01/2016    Void after 7 years    440

**Remitter:**    SILVERMAN & DILUCCIO ATTYS AT LAW

**Pay To The Order Of:**    MORTGAGE SERVICE CENTER

**Pay:**    FOUR HUNDRED THIRTY NINE THOUSAND SIX HUNDRED          $** 439,639.47 **
THIRTY NINE DOLLARS AND 47 CENTS

Do not write outside this box

Memo:_____

Note: For information only. Comment has no effect on bank's payment.

**Drawer:** **JPMORGAN CHASE BANK, N.A.**

Bond Volcan_____

Senior Vice President
JPMorgan Chase Bank, N.A.
Columbus, OH

title # 1605-297AC1                loan # 205942 1681

⑈9780907427⑈ ⑆044000037⑆ 758661433⑈

# EXHIBIT C

HSBC ◆▶

1 Mortgage Way
Mt. Laurel NJ 08054

Tel 866-435-7085
Fax 856-917-8003

866-435-7085
x 16160
Spoke w/on: Jasmeurste

\*\*\* PAYOFF STATEMENT \*\*\*

August 22, 2016

5166784578
PAUL FARRELL
ELIZABETH FARRELL
469 W CHESTER ST
LONG BEACH, NY 11561

LOAN NO:          2059421681
LOAN TYPE:        Conventional
INVESTOR:         N47-1735542564
BILL MODE:        9

MORTGAGOR(S):
PAUL FARRELL
ELIZABETH FARRELL

PROPERTY INFORMATION:
469     WEST CHESTER ST
LONG BEACH, NY 11561
(516) ▮▮▮▮▮    (516) ▮▮▮▮▮

Due Date of Monthly Payment: September 01, 2016
Interest Rate 4.69000%
The Current Principal Balance is:                                    $     437,074.93
Total Interest Due as of 09-02-16                                    $       1,764.40
Per Diem / Interest Per day is:                                      $          56.16
Recording Fee                                                        $         575.50
Payoff valid through (September 02, 2016):
TOTAL AMOUNT DUE TO PAY LOAN IN FULL BY 09-02-16:                    $     439,414.83
Wire Fee:                                                            $           0.00
TOTAL AMOUNT DUE TO PAY LOAN IN FULL BY WIRE BY 09-02-16 $          439,414.83

   .   THIS STATEMENT REFLECTS THE TOTAL AMOUNT DUE UNDER THE TERMS OF THE
       NOTE/SECURITY INSTRUMENT THROUGH THE CLOSING DATE WHICH IS 09-02-16.
       If this obligation is not paid in full by this date, then you should
       obtain from us an updated payoff amount before closing.

IF PAYING BY WIRE
Domestic wire transfers provide the fastest way to receive payoff funds and
thereby minimize the possibility of additional per diem interest being due and
payable. PLEASE NOTE THAT WE DO NOT ACCEPT INTERNATIONAL WIRE TRANSFERS.
If paying by wire transfer there may be a processing fee included in the
"Total Due to Pay Loan In Full Via Wire" figure above.

   SEND WIRES TO:
   Wells Fargo Bank (Standard Bank Format)
   707 Wilshire Blvd., Los Angeles, CA 90017
   ABA: 121000248 / Account No.: 4159368125
   Credit To: Mortgage Service Center
   Payoff Funds for Loan No.: 2059421681

439,639.47

A wire transfer received by 5:00 PM Eastern Time will be applied as of the
date of the wire. Please ensure all wire information is accurate and complete.
Receipt of inaccurate wire information will result in the wire being returned
within 10 days. Should that occur you will be responsible for the additional
interest due.

PAYOFF_NON_FHA
(End of Page 1)

*Log in to www.us.hsbc.com --- your servicing website connection.*

**HSBC**

1 Mortgage Way
Mt. Laurel NJ 08054

Tel 866-435-7085
Fax 856-917-8003

Page 2   Loan No.: 2059421681 (PAYOFF_NON_FHA) August 22, 2016

Funds received after the "Total Amount Due to Pay Loan in Full" date indicated require additional interest of $56.16 per day.  If your loan has mortgage insurance ("MIP") you may also be required to pay an additional month of MIP if the payment is received in the calendar month following the "Total Amount Due to Pay Loan in Full" date.

IF PAYING BY CHECK

If you choose to send funds via check, only certified funds or attorney trust checks will be accepted for payment in full. Personal checks and/or third party checks will be returned. Checks must be made payable to Mortgage Service Center and be attached to the form at the bottom of this page.

    SEND CHECKS TO:
    Overnight Mail Address
    ----------------------
    Mortgage Service Center
    Attention: Mail Stop SV-20
    1 Mortgage Way
    Mount Laurel, NJ 08054

The payoff balance above does not include any additional charges (other than interest) that may be generated from today's date through the date of payoff. These additional charges may include escrow advances for taxes and insurance, late charges, adjustments for returned checks etc. CONTACT OUR OFFICE, AT THE ABOVE REFERENCED NUMBER, PRIOR TO CLOSING TO DETERMINE IF THIS STATEMENT IS STILL ACCURATE. Our lien will not be satisfied until any and all amounts secured by the mortgage or deed of trust have been paid in full.

        Current Escrow Balance    $      3,247.50

Issuance of this statement does not suspend the requirement to make the monthly payments when due. A late charge of $45.98 will be assessed 15 days after the due date if payoff funds have not been received.

We do not provide verbal updates. However, with proper authorization, we may provide you with the principal and escrow balances in order to assist you in determining if any changes were made.

If you have automatic debit of your monthly mortgage payment from your bank account, please be aware this will continue to debit each month until you notify us or the loan pays in full. Please contact the above number at least 15 days prior to the next scheduled withdrawal if you wish to stop this service.

Note:
    - All payoff funds will be processed in accordance with applicable law.
    - If your loan is escrowed, your escrow account will be settled in
      accordance with applicable law , and may be used to cover any deficiency
      between the payoff amount due and your payoff payment, if permitted by
      the insurer/investor of your loan.

(End of Page 2)

*Log in to www.us.hsbc.com --- your servicing website connection.*

HSBC ◆X▶

1 Mortgage Way
Mt. Laurel NJ 08054

Tel 866-435-7085
Fax 856-917-8003

Page 3   Loan No.: 2059421681 (PAYOFF_NON_FHA) August 22, 2016

Upon receipt of funds to pay the loan in full, the debt is considered closed
and a lien release will be automatically processed and sent to the county for
recording.  You are not required to submit a request to close the debt or
release the lien, but at your option such requests can be submitted to
Mortgage Service Center at the address provided above.

(End of Page 3)

*Log in to www.us.hsbc.com --- your servicing website connection.*

# EXHIBIT D

# **** Electronically Filed Document ****

Instrument Number: 2017-13458

Recorded As:      EX-M40 - MORTGAGE SA

Recorded On:      February 07, 2017

Recorded At:      11:06:57 am

Number of Pages:  3

Book-VI/Pg:       Bk-S  VI-6732  Pg-403

Total Rec Fee(s): $360.50

Receipt Number:   541756

Processed By:     001 DAC

** Examined and Charged as Follows **

| 40 - MORTGAGE SATISFACTION | $ 55.50 | EX-AMREF Addit Mtg Ref 3.5 | $ 3.50 | EX-AR Addit Ref .50 | $ 1.50 |
| EX-Blocks - Mortgages - $300 | $ 300.00 | | | | |

Property Information:

| Section | Block | Lot | Unit | Town Name |
| --- | --- | --- | --- | --- |
| 59 | 33 | 146 | | LONG BEACH |

***********THIS PAGE IS PART OF THE INSTRUMENT ***********

Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY
because of color or race is invalid and unenforceable under federal law.



*Maureen O'Connell*

**County Clerk Maureen O'Connell**

Recording Requested By:
PHH Mortgage Corporation (PHHM)

When Recorded Return To:

Lien Release Department
PHH MORTGAGE CORPORATION (PHHM)
1760 WEHRLE DRIVE
WILLIAMSVILLE, NY  14221

## SATISFACTION OF MORTGAGE

PHH Mortgage Corporation (PHHM) # 2059421681 "FARRELL"  Lender ID N47  Nassau, New York
MIN #: 100298020594216812  SIS #: 1-888-679-6377

KNOW ALL MEN BY THESE PRESENTS that MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC AS NOMINEE FOR HSBC BANK USA, N.A.  ITS SUCCESSORS AND ASSIGNS, whose address is 2929 WALDEN AVENUE, DEPEW, NY  14043, holder of a certain mortgage evidencing an indebtedness in the amount of $452,000.00 plus interest, whose parties, dates and recording information are below, does hereby acknowledge full payment and satisfaction of the same, and in consideration thereof, does hereby satisfy and discharge said mortgage.

Mortgagor:  ELIZABETH FARRELL AND PAUL FARRELL, JOINT, 469 W CHESTER ST, LONG BEACH, NY  11561
Mortgagee:  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR MORTGAGEIT, INC., ITS SUCCESSORS AND ASSIGNS
Dated:  07/13/2007 Recorded:  07/27/2007  in Book/Reel/Liber: M 32150 Page/Folio: 15 as Instrument No :
2007072700407
The mortgage and consolidation have not been assigned unless stated below.

-Assigned Wholly by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR MORTGAGEIT, INC., ITS SUCCESSORS AND ASSIGNS TO HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR MORTGAGEIT SECURITIES CORP. MORTGAGE LOAN TRUST, SERIES 2007-2, MORTGAGE PASS-THROUGH CERTIFICATES Dated: 01/15/2013 Recorded:  03/21/2013  in Book/Reel/Liber: M 38455 Page/Folio: 123 as Instrument No.: 2013032100556
-Assigned Wholly by WELLS FARGO BANK, N.A. AS ATTORNEY IN FACT FOR HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR MORTGAGEIT SECURITIES CORP. MORTGAGE LOAN TRUST, SERIES 2007-2, MORTGAGE PASS-THROUGH CERTIFICATES TO MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR HSBC BANK USA, NATIONAL ASSOCIATION ITS SUCCESSORS AND ASSIGNS Dated:  06/26/2015 Recorded:  09/18/2015  in Book/Reel/Liber: M 40721 Page/Folio  935 as Instrument No.: 894
-New Mortgage, Dated 07/10/2015 and Recorded 09/18/2015 in Book/Reel/Liber  M 40721 Page/Folio: 939 as Instrument No : 895 between PAUL FARRELL AND ELIZABETH FARRELL, HUSBAND AND WIFE and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR HSBC BANK USA, N.A., ITS SUCCESSORS AND ASSIGNS in the amount of $43,233.28

Mortgage Consolidation, consolidating original mortgage and the above referenced mortgage, constituting a consolidated mortgage Dated 07/10/2015  and Recorded 09/18/2015  in Book/Reel/Liber: M 40721 Page/Folio: 963 as Instrument No.. 896 between PAUL FARRELL AND ELIZABETH FARRELL, HUSBAND AND WIFE and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR HSBC BANK USA, N.A., ITS SUCCESSORS AND ASSIGNS in the amount of $444,000.00

Section/Block/Lot 0059 00033-00 00146

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC has a physical address at 1901 E Voorhees Street, Suite C, Danville, IL 61834 and a mailing address at P.O. BOX 2026, FLINT, MI 48501-2026

Property Address: 469 WEST CHESTER STREET, LONG BEACH, NY  11561

County: Nassau

State of  New York

IN WITNESS WHEREOF, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR HSBC BANK USA, N.A.  ITS SUCCESSORS AND ASSIGNS, by the officer duly authorized, has duly executed the foregoing instrument.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC  AS NOMINEE FOR HSBC BANK USA, N.A.  ITS SUCCESSORS AND ASSIGNS
On January 12th, 2017

By: _____
TOAN QUOC VU, Assistant Secretary

"CM"CM1PHHA"01/12/2017 09 24 38 AM" PHHM01PHHA000000000000000274812" NYNASSA" 2059421681 NYNASSA_MORT_REL "LLPHHA"

SATISFACTION OF MORTGAGE Page 2 of 2

STATE OF New York
COUNTY OF Erie

On the 12th day of January in the year 2017 before me, the undersigned, personally appeared TOAN QUOC VU, Assistant Secretary, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/ther signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

WITNESS my hand and official seal.

KATHLEEN A. KLINE
Notary Expires: 06/08/2019  #01KL4898087
Erie, New York
Qualified in Erie County

"CM*CM1PHHA*01/12/2017 09.24.39 AM* PHHM01PHHA000000000000000274812* NYNASSA* 2058421661 NYNASSA_MORT_REL **11PHHA*